UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 12-20372

    Hon. John Corbett O'Meara

D-9 LYNN SANFORD,

    Defendant.

_____/

## ORDER DENYING MOTION TO SUPPRESS

Before the court is Defendant Lynn Sanford's motion to suppress and to file motion out of time, filed January 4, 2013. The government filed a response on January 25, 2013. The court did not hear oral argument.

## BACKGROUND FACTS

Along with several other defendants, Lynn Sanford is charged with taking part in a drug trafficking conspiracy. He was arrested on November 22, 2012. At the time of his arrest, a police officer seized the cell phone that was in Sanford's pocket. After being booked and jailed, Sanford was allowed to use his cell phone to make a phone call. After that, officers searched Sanford's phone and obtained the telephone number associated with it as well as phone numbers called by him. Defendant contends that this warrantless search violated his Fourth Amendment rights and that the information obtained should be suppressed.

The government responds that the only information it intends to use at trial that was obtained from the phone is Sanford's cell phone number. The government argues that

Defendant's motion should be denied because Sanford has no legitimate expectation of privacy in his cell phone number and because the search of the phone was properly conducted incident to Sanford's arrest.  See U.S. v. Finley, 477 F.3d 250, 259-60 (5th Cir. 2007) ("It is well settled that 'in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a "reasonable" search under that Amendment.'").

## LAW AND ANALYSIS

Although the weight of authority is in the government's favor, courts disagree as to whether police may search the contents of a cell phone incident to an arrest.  See, e.g., Finley, 477 F.3d at 259-60 (police permitted to search cell phone call records and text messages incident to a lawful arrest); U.S. v. Park, 2007 WL 1521573 (N.D. Cal., May 23, 2007) (holding search of cell phone not incident to arrest and granting motion to suppress); Schlossberg v. Solesbee, 844 F. Supp.2d 1165, 1167-69 (D. Or. 2012) (collecting cases).  The Sixth Circuit has not addressed the issue.

This court need not address this issue, either, because the only piece of information the government seeks to introduce at trial from Defendant's cell phone is his phone number. Defendant has not cited authority suggesting that he has a legitimate expectation of privacy in his cell phone number.  Although the court is not aware of a case directly on point, a cell phone number fits into the category of information that is not considered private and does not implicate the Fourth Amendment.  "Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties." Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001). For example, the Sixth Circuit found that internet bulletin board subscriber information (names,

addresses, birth dates, passwords) was not subject to Fourth Amendment protection because the defendant shared that information with a third party – the systems operator.  See id.  See also United States v. Ahumada-Avalos, 875 F.2d 681 (9th Cir. 1989) (no legitimate expectation of privacy in phone company records/unlisted telephone number).  Accordingly, the court finds that Defendant has no legitimate expectation of privacy in his cell phone number and that the police did not violate the Fourth Amendment by obtaining that information from his cell phone.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to suppress is DENIED.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  May 24, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 24, 2013, using the ECF system.

                                        s/William Barkholz
                                        Case Manager