UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                    Case No. 12-20372

v.

                                    Hon. John Corbett O'Meara

D-9 LYNN SANFORD,

    Defendant.

_____/

## ORDER DETERMINING DEFENDANT COMPETENT TO STAND TRIAL

Defendant Lynn Sanford faces a drug conspiracy charge. After the indictment was issued in 2012, Sanford suffered a stroke in 2013. The parties agreed to have Sanford evaluated to determine whether he is competent to stand trial. Three licensed psychologists have examined Sanford and have provided reports: Emanuel Schreiber, Ph.D. (March 12, 2014); Jack P. Haynes, Ph.D. (September 19, 2014); and Ron Nieberding, Ph.D (December 30, 2014). The court held a competency hearing on September 23, 2015, and heard testimony from Dr. Schreiber and Sanford.

Pursuant to 18 U.S.C. § 4241(a), a defendant or the government "may file a motion for a hearing to determine the mental competency of the defendant," and

such a motion must be granted "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Prior to the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a report be filed with the court. 18 U.S.C. § 4241(b). Following the competency hearing, the court must, based upon a "preponderance of the evidence," make a determination as to the defendant's competency to stand trial. 18 U.S.C. § 4241(d).

"[T]he bar for incompetency is high: a criminal defendant must lack either a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or 'a rational as well as factual understanding of the proceedings against him.'" United States v. Miller, 531 F.3d 340, 350 (6th Cir. 2008) (quoting Drope v. Missouri, 420 U.S. 162, 172 (1975) (internal quotation marks omitted)). "In determining a defendant's competence, the court considers several factors, including 'evidence of a defendant's irrational behavior, [the defendant's] demeanor at trial, and any prior medical opinion on competence to stand trial.'" Id.

The evidence demonstrates that Sanford contends with memory problems

and low to low average measured intelligence. These deficits do not render Sanford incompetent to stand trial, however. Dr. Nieberding concluded that Sanford "appears to maintain a fundamentally accurate factual and rational understanding of the court proceedings and appears to possess the capacity to participate in cooperative interaction with his attorney at the present time." Dr. Haynes opined that Sanford's responses to questions designed to test his ability to consult with counsel and understand courtroom proceedings "were consistent with competency." The court credits these opinions, which reflect more recent and thorough evaluations of Sanford than that done by Dr. Schreiber. By a preponderance of the evidence, the court finds Sanford competent to stand trail.

    SO ORDERED.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: September 30, 2015

    I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 30, 2015, using the ECF system.

                                        s/William Barkholz
                                        Case Manager